**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **YOUNGOUK KIM, et al.,**<br><br>                              **Plaintiffs,**<br><br>           **v.**<br><br>**GREENPOINT MORTGAGE FUNDING, INC., et al.,**<br>                              **Defendants.** | **Civil Action No.: 14-8018 (ES) (MAH)**<br><br>**MEMORANDUM OPINION & ORDER** |

SALAS, DISTRICT JUDGE.

### I.      INTRODUCTION

This matter comes before the Court by way of various motions to dismiss pro se Plaintiffs Youngouk Kim, Luke Kim, Susan Kim, and ONJ Investment LLC ("Plaintiffs")'s Complaint. (D.E. Nos. 6, 7, 17, 18, 21).   The Court decides the motions without oral argument in accordance with Federal Rule of Civil Procedure 78.   Because the complaint fails to comply with Federal Rule of Civil Procedure 8, the Court dismisses the complaint *without* prejudice.   Plaintiffs shall have 45 days from the date of this Opinion and Order to file an amended complaint that addresses the deficiencies identified herein.   If Plaintiffs fail to file an amended complaint by such date, their Complaint will be dismissed *with* prejudice

### II.      BACKGROUND

Pro-se Plaintiffs commenced this action on November 14, 2014, in New Jersey State Superior Court (Middlesex County) concerning property in Sayreville, New Jersey and a

1

note/mortgage related thereto.  (*See* D.E. No. 1-2, Complaint).  The sixty-six page complaint alleges sixteen causes of action against thirty-plus Defendants.[1]  (*Id.*).  Specifically, Plaintiffs have asserted claims for violation of the Home Ownership and Equity Protection Act ("HOEPA"), the Real Estate Settlement Procedures Act ("RESPA"), the Federal Truth in Lending Act, the Fair Credit Report Act ("FCRA"); for Constructive Fraudulent Mis-Representation, Breach of Fiduciary Duty, Unjust Enrichment, and Constructive Civil Conspiracy, Constructive Civil RICO; Set Aside Trustee Sale, Quiet Title, Wrongful Foreclosure, Usury, Predatory Lending, Unfair Debt Collection Practices, and Slander of Title.  (*See id.* at 31–63).

Plaintiffs allege that "Respondents' and each of them, are business entities that are initiating an illegal judicial foreclosure sale proceedings under an alleged power of sale to foreclosure contained in an note purports [sic] to act as an alleged security against the property located at 105 Main Street, Sayreville, New Jersey 08872."  (*See, e.g.*, *id.* at 8–9).  Plaintiffs reference "Chancery Foreclosure Case No.: F-021114-13" in their Complaint, (*id.* at 58), and a review of that New Jersey State Court docket reveals that it is a foreclosure action in which default judgment was entered against Plaintiffs in November 2014.

Defendants Ocwen Loan Servicing, LLC and U.S. Bank National Association, as Trustee

---

1 A review of the docket shows that the following Defendants have made appearances: OCWEN Loan Servicing, LLC; U.S. Bank, as trustee for Lehman Brothers Small Balance Commercial Mortgage Pass Through Certificates Series 2007-2; Lehman Brothers Holdings, Inc.; Lehman Brothers Bank; Aurora Loan Services LLC; Aurora Bank FSB; Delaware Savings Banks (f/k/a Aurora Bank); New York Community Bank (f/k/a Penn Federal Savings Bank); Zucker, Goldberg & Ackerman, LLC; Michael Ackerman; Christine E. Potter; Robert Bailey; Nationstar Mortgage; Borough of Sayreville New Jersey.  A review of the docket shows that the following Defendants have not made appearances: Eric J. Armstrong; Bob Roades; Green Point Mortgage Funding, Inc.; Network Lenders of America; ATS Title Agency, Inc.; State of New Jersey; Municipality of Sayreville New Jersey; United States of America; Middlesex County of New Jersey; Middlesex County Clerk; Federal Deposit Insurance Corporation; Office of Thrift Supervision; Secretary of the Treasury; Department of the Treasury New Jersey; PHV Richard Briansky; John Does 1–1000; Jane Does 1–1000; Roes 1–1000.

for Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, Series 2007-2, removed the matter to this Court on December 24, 2014.   (D.E. No. 1).   Thereafter, multiple Defendants filed motions to dismiss on various grounds.   (*See* D.E. No. 6, Ocwen Loan Servicing, LLC and U.S. Bank National Association, as Trustee for Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, Series 2007-2 Motion to Dismiss; D.E. No. 7, Robert Bailey, Christine Potter, Michael Ackerman and Zucker, Goldberg & Ackerman, L.L.C. Motion to Dismiss; D.E. No. 17, Aurora Commercial Corp., successor entity to Aurora Bank FSB f/k/a Lehman Brothers Bank and Aurora Loan Services LLC (named by Plaintiffs as Lehman Brothers Holdings, Inc., Lehman Brothers Bank, Aurora Loan Services, LLC, Aurora Bank FSB f/k/a Lehman Brothers Bank, and Delaware Savings Bank aka Aurora Bank FSB) Motion to Dismiss; D.E. No. 18, New York Community Bank Motion to Dismiss; D.E. No. 21, Nationstar Mortgage LLC Motion to Dismiss[2]).   Plaintiffs filed opposition, (D.E. No. 23), but none of the moving defendants replied.   The motions are now ripe for adjudication.

### III.    LEGAL STANDARD

"Rule 12(b)(6) requires a district court to dismiss a complaint if it fails to state a cognizable legal claim."   *Ulferts v. Franklin Resources, Inc.*, 554 F. Supp. 2d 568, 572 (D.N.J. 2008).   To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

2 On April 13, 2015, Plaintiff filed a "Notice of Withdrawal and Termination" as to Nationstar.   (D.E. No. 25).   The Notice indicates, *inter alia*, that Plaintiffs "believe Nationstar is not known to have participated in the constructive fraudulent Ponzi scheme commenced by GreenPoint, or its successors" and that "Nationstar has never violated any of the plaintiffs rights in any way."   (*Id.*).   The Notice also states that the "dismissal" as to Nationstar is without prejudice, and that Plaintiffs "reserve the right to refile if information is discovered about Nationstar."   (*Id.*).   Nevertheless, Nationstar has asked that the Court "still consider Nationstar's Motion to Dismiss the Complaint."   (D.E. No. 26).

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"When reviewing a motion to dismiss, '[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)). But "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Indeed, "[l]egal conclusions offered in the guise of factual allegations . . . are given no presumption of truthfulness." *K.J ex re. Lowry v. Division of Youth and Family Services*, 363 F. Supp.2d 728, 737 (D.N.J. 2005).

Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). The Third Circuit has held that the Court can review the record of prior actions between the parties and take judicial notice of same in considering a motion to dismiss. *See Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008).

## IV.    DISCUSSION

Having thoroughly reviewed Plaintiffs' Complaint, this Court dismisses Plaintiffs'

Complaint for failure to meet the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.   In particular, Plaintiffs' Complaint, as currently drafted, fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8. Although Plaintiffs' Complaint contains sixty-six pages of various statements and citations to law, neither the Court nor Defendant have any basis on which to decipher what claims are actually being asserted against which Defendants.   For example, all of the counts in the Complaint set forth allegations against "Defendants" or "Respondents" but they do not specify which of the thirty-plus Defendants performed which action or how it resulted in harm to Plaintiffs.   (*See generally* Compl.).   Additionally, Plaintiffs name New York Community Bank (f/k/a Penn Federal Savings Bank) as a Defendant, but the Court could not locate a single specific factual allegation directed against this Defendant.   (*Id.*).   "Without such specificity Defendants will not know the basis of Plaintiffs' claims against them and remain unable to respond to those claims." *Boyd v. N.J. Dep't of Corr.*, 2013 U.S. Dist. LEXIS 37645, *20 (D.N.J. Mar. 18, 2013).

The Court is unable to decipher Plaintiffs' allegations with respect to each Defendant, and so it is not clear how the allegations form the basis of a viable cause of action.   In short, the Complaint as drafted "do[es] not afford proper notice to Defendants as to the claims it must defend against, in violation of Rule 8(a)."   *Rhett v. N.J. State Superior Court*, 2007 U.S. Dist. LEXIS 44229, *9 (D.N.J. June 14, 2007).   The Court, therefore, will dismiss Plaintiffs' Complaint for failure to adhere to Rule 8's pleading requirements.   However, the shortcomings of the Complaint do not foreclose the possibility that Plaintiffs may be able to state a cognizable claim by filing an amended complaint.   Therefore, considering Plaintiffs' *pro se* status, the dismissal of the Complaint will be without prejudice to the filing of an amended complaint.

5

To the extent Plaintiffs intend to re-plead their claims, they are hereby advised that each count of a properly pled complaint must contain: (a) its own cause of action against a clearly identified defendant(s), and (b) those particular factual allegations that would allow the court to draw the reasonable inference that said defendant(s) is liable for that particular cause of action. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see, e.g.*, *Anderson v. District Bd. of Trustees of Cent. Florida Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996) ("Anderson's complaint is a perfect example of 'shotgun' pleading in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."). Plaintiffs must also allege facts showing the defendant's actual personal involvement in each of the alleged wrongs. *See, e.g.*, *Smart v. Pa. Pub. Util. Comm'n,* No. 96-3586, 1996 WL 442618, at *4 (E.D. Pa. Aug. 2, 1996) (instructing that a complaint "should clearly identify each defendant, the conduct of each defendant allegedly harming him, and the relief he seeks, setting forth the facts relating to each defendant and to each claim"); *see generally Binsack v. Lackawanna Cnt. Prison,* 438 F. App'x 158, 160 (3d Cir. 2011) (holding that the district court did not abuse its discretion in dismissing complaint for failure to "provide a short and plain statement of each claim against each defendant").

Furthermore, to the extent that Plaintiffs intend to include fraud-based claims in their amended complaint, the Court advises that Rule 9(b) requires a heightened pleading standard beyond Rule 8 for such claims.   In particular Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."   Fed. R. Civ. P. 9(b).   To satisfy Rule 9(b) a plaintiff must plead: (1) a specific false representation [or omission] of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and

(5) that the plaintiff acted upon it to his damage.   *Id.*

In addition, if Plaintiffs choose to amend, the Court also advises that "Chancery Foreclosure Case No.: F-021114-13" should be clarified in light of the New Jersey Entire Controversy doctrine.   "Generally speaking, the entire controversy doctrine requires whenever possible all phases of a legal dispute to be adjudicated in one action.   At a minimum, all parties to a suit should assert all affirmative claims and defenses arising out of the underlying controversy." *Prevratil v. Mohr*, 145 N.J. 180, 186 (1996).   The entire controversy doctrine applies to foreclosure proceedings, but extends only to "germane" counterclaims.   *See In re Mullarkey*, 536 F.3d 215, 229 (3d Cir. 2008) (citing *Leisure Tech.-Ne. v. Klingbeil Holding Co.*, 349 A.2d 96, 97 (N.J. Super. Ct. App. Div. 1975)); N.J. Ct. R. 4:64-5.   In the foreclosure context, germane claims are those "arising out of the mortgage transaction which is the subject matter of the foreclosure action," *Leisure Tech.-Ne.*, 349 A.2d at 98.   A claim challenging the validity of the underlying loan in a foreclosure action is considered germane and is thus subject to the entire controversy doctrine—*i.e.*, it must be brought as a counterclaim in the foreclosure action.   *See Bank of N.Y. v. Ukpe*, No. 1710-09, 2009 WL 4895253 at *7 (D.N.J. Dec. 9, 2009).

Finally, the Court advises Plaintiffs that, if they choose to amend, they must clarify the scope of Mr. Kim's representation of the other parties.   (*See* D.E. No. 6, Ocwen Loan Servicing, LLC and U.S. Bank National Association, as Trustee for Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, Series 2007-2 Moving Brief at 1, n.1).   In particular, it is not currently clear whether Mr. Kim is representing the other individual pro-se Plaintiffs, or if they are representing themselves, nor is it clear whether Mr. Kim is an attorney licensed to represent ONJ Investment, LLC.

## V.      CONCLUSION

For the reasons above, the Court grants the motions to dismiss and dismisses Plaintiffs' Complaint without prejudice.

Accordingly, IT IS on this 26th day of May 2015,

**ORDERED** that Plaintiffs' Complaint is dismissed, without prejudice, with leave to file an amended complaint **within 45 days of this Order.**   If Plaintiffs fail to file an amended complaint by such date, their Complaint will be dismissed *with* prejudice; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiffs by regular U.S. mail.

**SO ORDERED.**

s/ Esther Salas_____
**Esther Salas, U.S.D.J.**

8